UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS E. MCBRIDE, <br> Plaintiff <br><br> V. <br><br> WOODS HOLE, MARTHA'S <br> VINEYARD AND NANTUCKET <br> STEAMSHIP AUTHORITY, and <br> LAFLEUR CRANE SERVICE, INC., <br> Defendants | Civil Action <br><br> RECEIPT #_____ <br> AMOUNT $ N/A <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 ____ <br> WAIVER FORM ____ <br> MCF ISSUED ____ <br> BY DPTY. CLK. ____ <br> DATE 8/11/05 |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and says:

#### General Factual Allegations

1. The Plaintiff, Louis E. McBride, is a resident of Cape Haze, Florida.

2. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, created by the laws of the Commonwealth of Massachusetts, with the authority to sue and be sued as a separate legal entity.

3. The Defendant, Lafleur Crane Service, Inc., is a corporation, organized and existing under the laws of the Commonwealth of Massachusetts.

4. On June 24, 2004, the Plaintiff was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

5. On June 24, 2004, the Plaintiff was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V GAY HEAD.

6. On June 24, 2004, the Defendant, Woods Hole, Martha's Vineyard and Nantucket

Steamship Authority, owned the M/V GAY HEAD.

7. On June 24, 2004, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V GAY HEAD from some other person or entity.

8. On June 24, 2004, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, operated the M/V GAY HEAD.

9. On June 24, 2004, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, or the Defendant's agents, servants, and/or employees, controlled the M/V GAY HEAD.

10. On June 24, 2004, the M/V GAY HEAD was in navigable waters.

11. On June 24, 2004, while in the in the performance of his duties in the service of the M/V GAY HEAD, the Plaintiff sustained personal injuries when he was hit by a motor vehicle owned by the Defendant, Lafleur Crane Service, Inc., while the M/V GAY HEAD was at the Nantucket Steamship Terminal.

12. Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, 46 U.S.C. §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to Article III, Section 2 of the United States Constitution, the General Maritime Law, and 28 U.S.C. §1331.

15. This Court has supplemental jurisdiction over the Defendant, Lafleur Crane Service, Inc., pursuant to 28 U.S.C. §1367.

16.     This Court has subject matter jurisdiction over the Defendant, Lafleur Crane Service, Inc., pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## COUNT I

### Louis E. McBride v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (JONES ACT NEGLIGENCE)

17.     The Plaintiff, Louis E. McBride, reiterates the allegations set forth in paragraphs 1 through 16 above.

18.     The personal injuries sustained by the Plaintiff, Louis E. McBride, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

19.     As a result of said injuries, the Plaintiff, Louis E. McBride, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

20.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Louis E. McBride, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $1,000,000.00, together with interest and costs.

## COUNT II

<u>Louis E. McBride v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority</u>

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

21. The Plaintiff, Louis E. McBride, reiterates the allegations set forth in paragraphs 1 through 16 above.

22. The personal injuries sustained by the Plaintiff, Louis E. McBride, were due to no fault of his, but were caused by the unseaworthiness of the M/V GAY HEAD.

23. As a result of said injuries, the Plaintiff, Louis E. McBride has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Louis E. McBride, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $1,000,000.00, together with interest and costs.

## COUNT III

<u>Louis E. McBride v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority</u>

(GENERAL MARITIME LAW - MAINTENANCE AND CURE)

25. The Plaintiff, Louis E. McBride, reiterates all of the allegations set forth in Paragraphs 1 through 16 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Louis E. McBride, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Louis E. McBride, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $200,000.00 for maintenance and cure, together with costs and interest.

### COUNT IV

Louis E. McBride v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT
FAILURE TO PROVIDE MAINTENANCE AND CURE)

27. The Plaintiff, Louis E. McBride, reiterates the allegations set forth in paragraphs 1 through 16 above.

28. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Louis E. McBride, has incurred and will continue to incur expenses for his maintenance and cure.

29. The Plaintiff, Louis E. McBride, has made demand upon the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, for the provision of maintenance and cure.

30. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with his maintenance and cure in a timely and adequate manner.

31. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical & hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Louis E. McBride, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $350,000.00, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

## COUNT V

### Louis E. McBride v. Lafleur Crane Service, Inc.

(NEGLIGENCE)

32. The Plaintiff, Louis E. McBride, reiterates the allegations set forth in paragraphs 1 through 16 above.

33. On June 24, 2004, Daniel E. Laprise was operating a motor vehicle owned by Defendant Lafleur Crane Service, Inc. on the M/V GAY HEAD at the Nantucket Steamship Terminal.

34. At said time, Daniel E. Laprise was employed by Defendant Lafleur Crane Service, Inc.

35. At said time, Daniel E. Laprise was operating said motor vehicle in the course of his employment by Defendant Lafleur Crane Service, Inc.

36. At all times hereinafter mentioned, the Plaintiff exercised due care in his actions.

37. The Defendant Lafleur Crane Service, Inc., through its agent and/or employee, Daniel E. Laprise, owed the Plaintiff a duty of reasonable care to avoid causing injury to him through Mr. Laprise's operation of its motor vehicle.

38. The Defendant breached this duty to the Plaintiff by its employee and/or agent Daniel E. Laprise's failing to keep a proper lookout, failing to control his vehicle, and otherwise

negligently and carelessly operating its motor vehicle so as to collide with the Plaintiff.

39. As a direct and proximate result of the Defendant's aforementioned negligence, the Plaintiff was caused to sustain severe and permanent personal injuries, lost wages, impairment of earning capacity, pain, mental anguish and mental distress, and caused to incur expenses for medical treatment and care, past, present and future, and was otherwise damaged as will be shown at trial.

WHEREFORE, the Plaintiff, Louis E. McBride, demands judgment against the Defendant, Lafleur Crane Service, Inc., in the amount of $1,000,000.00, together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS I – V OF THIS COMPLAINT.

Respectfully submitted for the
the Plaintiff, Louis E. McBride,
by his attorney,

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 8/1/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Louis E. McBride v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, and Lafleur Crane Service, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David J. Berg__
ADDRESS __30-31 Union Wharf, Boston, MA 02109__
TELEPHONE NO. __617-523-1000__

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Louis E. McBride

### DEFENDANTS
Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, and Lafleur Crane Service, Inc.

(b) County of Residence of First Listed Plaintiff: **Charlotte**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Barnstable**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David J. Berg, Latti and Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109, 617-523-1000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. § 688 et. seq.
Brief description of cause:
Maritime personal injury case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/11/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____