UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LOUIS E. McBRIDE**<br>    **Plaintiff,**<br><br>Vs.<br><br>**WOODS HOLE, MARTHA'S VINEYARD &**<br>**NANTUCKET STEAMSHIP AUTHORITY and**<br>**LAFLEUR CRANE SERVICE, INC.**<br>    **Defendants.** | **CIVIL ACTION**<br>**NO: 05-11664-GAO** |

### DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD & NANTUCKET STEAMSHIP AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL AND CROSS-CLAIMS AGAINST LAFLEUR CRANE SERVICE, INC.

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and answers the allegations contained in Plaintiff's Complaint and Demand for Jury Trial and asserts its cross-claims against LaFleur Crane Service, Inc. as follows.

### GENERAL FACTUAL ALLEGATIONS

1. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and, therefore, denies same.

2. The defendant admits that it is a body politic created under the laws of the Commonwealth of

    Massachusetts, but denies all of the remaining allegations contained in Paragraph No. 2.

3. Upon information and belief, the defendant admits the allegations contained in Paragraph No. 3.

4. The defendant admits the allegations contained in Paragraph No. 4.

5. The defendant admits the allegation contained in Paragraph No 5.

6. The defendant admits the allegations contained in Paragraph No. 6.

7. The defendant denies the allegations contained in Paragraph No. 7.

8. The defendant admits the allegations contained in Paragraph No. 8.

9. The defendant admits the allegations contained in Paragraph No. 9.

10. The defendant admits the allegations contained in Paragraph No. 10.

11. The defendant admits that on June 24, 2004 the plaintiff was hit by a motor vehicle owned by Lefleur Crane Service, Inc. while the M/V GAYHEAD was berthed in Nantucket, but lacks personal knowledge sufficient to form a belief as to the truth of the remaining

       allegations contained in Paragraph No. 11 and, therefore, denies same.

12. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 and, therefore, denies same.

## JURISDICTION

13. The allegations contained in Paragraph No. 13 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

14. The allegations contained in Paragraph No. 14 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

15. The allegations contained in Paragraph No. 15 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

16. The allegations contained in Paragraph No. 16 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

## COUNT I
Louis McBridge vs. Woods Hole, Martha's Vineyard & Nantucket Steamship Authority
(JONES ACT NEGLIGENCE)

17. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate same as if fully set forth herein.

18. The defendant denies the allegations contained in Paragraph No. 18.

19. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 and, therefore, denies same.

20. The allegations contained in Paragraph No. 20 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count I together with reasonable attorney's fees and costs.

**COUNT II**
Louis McBride vs. Woods Hole, Martha's Vineyard &
Nantucket Steamship Authority
(GENERAL MARITIME LAW - UNSEAWORTHINESS)

21. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate same as if fully set forth herein.

22. The defendant denies the allegations contained in Paragraph No. 22.

23. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 and, therefore, denies same.

24. The allegations contained in Paragraph No. 24 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

   **WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count II together with reasonable attorney's fees and costs.

### COUNT III
Louis McBride vs. Woods Hole, Martha's Vineyard &
Nantucket Steamship Authority
(GENERAL MARITIME LAW – MAINTENANCE & CURE)

25. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate same as if fully set forth herein.

26. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 and, therefore, denies same.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count III together with reasonable attorney's fees and costs.

### COUNT IV
Louis McBride vs. Woods Hole, Martha's Vineyard &
Nantucket Steamship Authority
(GENERAL MARITIME LAW – INTENTIONAL/NEGLIGENCE FAILRE TO PROVIDE MAINTENANCE & CURE)

27. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate same as if fully set forth herein.

28. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph No. 28 and, therefore, denies same.

29. The defendant admits that plaintiff's counsel has made a demand for maintenance and cure, but has failed to support such demand with the proper documentation. The defendant denies the remaining allegations contained in Paragraph No. 29.

30. The defendant denies the allegations contained in Paragraph No. 30.

31. The defendant denies the allegations contained in Paragraph No. 31.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count IV together with reasonable attorney's fees and costs.

### COUNT V
Louis McBride vs. LaFleur Crane Service, Inc.
(NEGLIGENCE)

32. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate same as if fully set forth herein.

33. The allegations contained in Paragraph No. 33 are not directed at this defendant and, therefore, no response is required.

34. The allegations contained in Paragraph No. 34 are not directed at this defendant and, therefore, no response is required.

35. The allegations contained in Paragraph No. 35 are not directed at this defendant and, therefore, no response is required.

36. The allegations contained in Paragraph No. 36 are not directed at this defendant and, therefore, no response is required.

37. The allegations contained in Paragraph No. 37 are not directed at this defendant and, therefore, no response is required.

38. The allegations contained in Paragraph No. 38 are not directed at this defendant and, therefore, no response is required.

39. The allegations contained in Paragraph No. 39 are not directed at this defendant and, therefore, no response is required.

## **AFFIRMATIVE DEFENSES**

The defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, incorporates the following Affirmative Defenses into its Answer to plaintiff's Complaint and Demand for Jury Trial as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that there has been insufficiency of process and Service of Process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the damages allegedly sustained by the plaintiff resulted in whole or in part from his own negligence and failure to exercise the degree of care and skill reasonably required of a Seaman/Pilot and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the injuries allegedly sustained by the plaintiff resulted in whole or in part from an Act of God, or a condition not created by the defendant, its employees, servants, or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the injuries allegedly sustained by the plaintiff resulted in whole or in part from the acts or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because of his failure to follow physician recommendations.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and

therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that Counts III and IV of Plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because it timely and fully satisfied its obligations for maintenance and cure under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL, ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

### CROSS-CLAIMS

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and asserts its cross-claims against LaFluer Crane Service, Inc. as follows:

### FACTUAL ALLEGATIONS

1. The defendant/cross-claim plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, was and now is a body politic, created by the laws of the Commonwealth of Massachusetts, and with a principal place of business at Wood Hole, Massachusetts.

2. Upon information and belief, the defendant in cross-claim, Lafleur Crane Service, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Nantucket, Massachusetts.

3. At all material times herein, LaFleur Crane Service, Inc. was conducting business within the Commonwealth of Massachusetts.

4.  Upon information and belief and on June 24, 2004, Daniel Laprise was employed by LaFleur Crane Service, Inc.

5.  Upon information and belief and on June 24, 2004, Daniel Laprise, while in the course of said employment, was operating a vehicle owned by LaFleur Crane Service, Inc.

6.  Upon information and belief and on June 24, 2004, Daniel Laprise operated said vehicle in a negligent manner allegedly causing injuries to the plaintiff.

7.  The plaintiff has instituted this action against the defendant to recover for the injuries he allegedly sustained, including the payment of maintenance and cure under the General Maritime Law, as a result of the June 24, 2004 incident.

8.  The defendant/cross-claim plaintiff has denied that it is liable to the plaintiff, in whole or in part, for the injuries he allegedly sustained.

### COUNT I
(CONTRIBUTION)

9.  The defendant/cross-claim plaintiff reiterates and re-alleges the allegations contained in Paragraph Nos. 1 through 8 inclusive and incorporate same as if fully set forth herein.

10. If the plaintiff was in fact injured, his injuries were caused as a direct result of the negligence of LaFleur Crane Service, Inc., its employees, agents, and servants and not the fault of the defendant/cross-claim plaintiff.

11. If the defendant/cross-claim plaintiff is found liable to the plaintiff for the injuries he allegedly sustained on June 24, 2005, then the defendant/cross-claim plaintiff is entitled to recover contribution from LaFleur Crane Service, Inc. pursuant to the applicable statutes and laws.

12. The defendant/cross-claim plaintiff is also entitled to contribution from LaFleur Crane Service, Inc. for the amount of maintenance and cure benefits it paid to the plaintiff, pursuant to its General Maritime Law obligation, as a result of the incident.

**WHEREFORE**, the defendant/cross-claim plaintiff, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that judgment enter against LaFleur Crane Service, Inc. for contribution together with costs and reasonable attorney's fees.

## COUNT II
(INDEMNIFICATION)

13. The defendant/cross-claim plaintiff reiterates and re-alleges the allegations contained in Paragraph Nos. 1 through 12 inclusive and incorporates same as if fully set forth herein.

14. If the plaintiff was in fact injured, his injuries were caused as a direct result of the negligence of the LaFleur Crane Service, Inc., its employees, agents, and servants and not the fault of the defendant/cross-claim plaintiff.

15. If the defendant/cross-claim plaintiff is found liable to the plaintiff for the injuries he allegedly sustained on June 24, 2005, then it is entitled to be indemnified in full by LaFleur Crane Service, Inc., including the cost of defense, pursuant to the applicable statutes and laws.

16. The defendant/cross-claim plaintiff is also entitled to be indemnified in full by LaFleur Crane Service, Inc. for the amount of maintenance and cure benefits it paid to the plaintiff, pursuant to its General Maritime Law obligation, as a result of the incident.

**WHEREFORE**, the defendant/cross-claim plaintiff, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority,

prays that judgment enter against LaFleur Crane Service, Inc. for indemnity together with costs and reasonable attorney's fees.

**THE DEFENDANT/CROSS-CLAIM PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN ITS CROSS-CLAIMS.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**


**"\/s/Kenneth_M. Chiarello"**
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kenneth M. Chiarello**
**BBO NO: 639274**
One Washington Mall
Suite 1400
Boston, MA 02108


Dated: September 6, 2005