UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11664

| | |
|---|---|
| LOUIS E. MCBRIDE, ) | |
| ) | |
|   Plaintiff ) | |
| ) | |
| vs. ) | ANSWER OF THE DEFENDANT, |
| ) | LAFLEUR CRANE SERVICE, INC., |
| WOODS HOLE, MARTHA'S ) | TO THE PLAINTIFF'S COMPLAINT |
| VINEYARD AND NANTUCKET ) | |
| STEAMSHIP AUTHORITY, AND ) | |
| LAFLEUR CRANE SERVICE, INC., ) | |
| ) | |
|   Defendants ) | |

Now comes the defendant, LaFleur Crane Service, Inc., in the above-entitled action and in answer to the plaintiff's complaint by the counts and paragraphs numbered therein and says:

1. The defendant is without sufficient information to admit or deny this allegation.

2. The defendant is without sufficient information to admit or deny this allegation.

3. The defendant admits this allegation.

4. The defendant is without sufficient information to admit or deny this allegation.

5. The defendant is without sufficient information to admit or deny this allegation.

6. The defendant is without sufficient information to admit or deny this allegation.

7. The defendant is without sufficient information to admit or deny this allegation.

8. The defendant is without sufficient information to admit or deny this allegation.

9. The defendant is without sufficient information to admit or deny this allegation.

10. The defendant denies this allegation in this form.

11. The defendant denies this allegation.

12. The defendant denies this allegation.

13. The defendant denies this allegation.

14. The defendant denies this allegation.

15. The defendant denies this allegation.

16. The defendant denies this allegation.

## COUNT I

The defendant, LaFleur Crane Service, Inc., is not required to respond hereto.

## COUNT II

The defendant, LaFleur Crane Service, Inc., is not required to respond hereto.

## COUNT III

The defendant, LaFleur Crane Service, Inc., is not required to respond hereto.

## COUNT IV

The defendant, LaFleur Crane Service, Inc., is not required to respond hereto.

## COUNT V

32. The defendant repeats and reavers its responses to paragraphs 1 through 16, the same as if written fully herein.

33. The defendant admits this allegation.

34. The defendants admit this allegation.

35. The defendant admits this allegation.

36. The defendant denies this allegation.

37. The defendant admits this allegation.

38. The defendant denies this allegation.

39. The defendant denies this allegation.

And further answering in the affirmative, the defendant says:

1. The plaintiff's complaint fails to state a cause of action for which relief may be granted.

2. If, in fact, the defendant owed the plaintiff anything, which the defendant denies, the same has been satisfied in full.

3. The plaintiff's action is not timely and is barred by those statutes dealing with the limitation of actions.

4. That if, in fact, the defendant was negligent, which the defendant denies, the negligence of the plaintiff was of a greater degree than that of the defendant, whereby the plaintiff is barred from recovery.

5. That if, in fact, the defendant was negligent, which the defendant expressly denies, the plaintiff was also negligent and any recovery or verdict for the plaintiff must be reduced by a percentage equal to the comparative negligence of the plaintiff.

6. That if, in fact, the plaintiff was injured through the negligence of some third person, such negligence was on the part of one for whose conduct the defendant was not responsible.

7. The plaintiff has failed to meet those statutory requirements prerequisite to maintain this action.

THE DEFENDANT, LAFLEUR CRANE SERVICE, INC., DEMANDS A TRIAL AS TO ALL TRIABLE ISSUES.

/s/ John F. Gleavy
_____
Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Attorneys for Defendant,
  LaFleur Crane Service, Inc.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

## AFFIDAVIT OF SERVICE

I, Francis J. Lynch, III, do hereby certify that on this 11th day of October, 2005, I gave notice of the foregoing Answer of the Defendant, LaFleur Crane Service, Inc., to the Plaintiff's Complaint, to the plaintiff, by mailing a copy thereof, postage prepaid to: David J. Berg, Esq., Latti & Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109.

_/s/ Francis J. Lynch
Francis J. Lynch, III

#17823-17:LJT