UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


LOUIS E. McBRIDE                          CIVIL ACTION
       Plaintiff,                         NO: 05-11664-GAO

Vs.


WOODS HOLE, MARTHA'S VINEYARD &
NANTUCKET STEAMSHIP AUTHORITY and
LAFLEUR CRANE SERVICE, INC.
       Defendants.

### DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD & NANTUCKET STEAMSHIP AUTHORITY'S, MOTION FOR A PROTECTIVE ORDER

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a Protective Order concerning the production of the statements it obtained from the plaintiff and operator of defendant, LaFluer Crane Service, Inc.'s, vehicle until after their depositions are obtained.

As grounds in support of this motion, the defendant submits the following for the Court's consideration.

BACKGROUND

On June 24, 2004, the plaintiff was employed by the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, as a Pilot onboard the M/V GAYHEAD,

which is owned and operated by said defendant.  The

plaintiff allegedly sustained personal injuries that day

when he was struck from a vehicle being operated by Daniel

Laprise, who at the time was employed by defendant LaFleur

Crane Service, Inc.   The plaintiff has instituted this

action against his employer pursuant to the Jones Act, and

has also asserted a negligence cause of action against

LaFleur Crane Service, Inc.

Shortly after the accident and in anticipation of

litigation, the defendant's underwriter engaged Marine

Safety Consultants, Inc. to perform an investigation.  On

July 1, 2004, Marine Safety Consultants, Inc. obtained a

tape-recorded statement from Daniel Laprise.  On July 12,

2004, Marine Safety Consultants, Inc. obtained a tape-

recorded statement from the plaintiff.  Both statements,

which subsequently have been transcribed, were obtained

with permission and in absence of counsel for the parties

including defense counsel.

On October 13, 2005, the plaintiff served

Interrogatories and Requests for Production of Documents

on the defendant.  The plaintiff's written discovery

requests the production of any and all statements obtained

by the defendant.  Although the time period for responding

to the plaintiff's written discovery has not expired, the

defendant has filed this motion in advance to protect its

rights.

ARGUMENT

It is the defendant's position that it should not have

to produce the statements it obtained from the plaintiff

and Mr. LaPrise until after their depositions are

obtained.[1]  It is well-settled that "[i]n appropriate cases

the court may order a party to be deposed before his

statement is produced because there is a legitimate

interest in receiving a version which has not been

tailored to conform to an earlier statement."  *See,*

*Willard v. Constellation Fishing Corp., 1991 A.M.C. 2999*

*(D.Mass. 1991); F.R.Civ.P. Rule 26(c), The Advisory*

*Committee Notes (1970 Amendments).*  This legitimate

interest is present in the case *sub judice.*

If the defendant is required to produce the

statements before the depositions of the plaintiff and Mr.

LaPrise, then it would be deprived of their unrefreshed

recollection of the events that give rise to the accident,

which is necessary in order for the defendant to properly

evaluate their credibility.  *See, Torres-Paulett v.*

*Tradition Mariner, Inc., 157 F.R.D. 487, 489 (S.D.Cal.*

---

[1] It should be noted that the witnesses' depositions have not even been scheduled at this time.

4

*1994).*  Additionally, the defendant would be unable to obtain their depositions based upon their personal memory and knowledge, which is also necessary for the defendant to properly evaluate their credibility.  *Id.*

The defendant has not only demonstrated good cause, but has demonstrated that its interests outweigh those of the parties.  The defendant agrees to provide the deponents with copies of their statement following their depositions, which will provide the parties with ample opportunity to explain any inaccuracies or discrepancies contained in their deposition testimony through further discovery proceedings or at the time of trial.  *Id.; McCoy v. General Motors Corp., 33 F.R.D. 354, 356 (W.D.Pa. 1963); Nelson v. Puerto Rico Marine Management, Inc., 72 F.R.D. 637 (D.Md. 1976); Smith v. China Merchants Steam Navigation Co., Ltd., 59 F.R.D. 178 (E.D.Pa. 1972); Mills v. Energy Transportation Corp., 1996 WL 735556 (S.D.N.Y. 1996); Palisi v. Jewelewicz, 1997 WL 282218 (S.D.N.Y. 1997).*

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court allow it to withhold the production of the aforementioned statements until the depositions of the plaintiff and Daniel LaPrise are obtained.

5

Respectfully submitted,

**FOR THE DEFENDANT**


"/s/Kenneth M. Chiarello"
Kenneth M. Chiarello
BBO NO: 639274
CLINTON & MUZYKA, P.C.
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165


Dated: October 14, 2005