UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS E. MCBRIDE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY, and<br>LAFLEUR CRANE SERVICE, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11664-GAO |

### DEFENDANT LAFLEUR CRANE SERVICE, INC.'S OPPOSITION TO DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY'S MOTION FOR PROTECTIVE ORDER

#### Background

The defendant LaFleur Crane Service, Inc. opposes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority's, motion for protective order by which the Steamship Authority seeks to prevent disclosure of a statement taken on its behalf from Daniel Laprise, an employee of the defendant and operator of the vehicle which allegedly struck the plaintiff.

#### Analysis

As grounds for this motion the defendant states that a protective order under Rule 26(c) may enter "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" where good cause is shown. "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (C.A.1 1986). "Broad allegations of harm, unsubstantiated by specific

examples or articulated reasoning, do not satisfy the Rule 26(c) test." <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108 (C.A.3 1986).

The Steamship Authority's basis for seeking the protective order is that "it would be deprived of an unrefreshed recollection of events" necessary to properly assess the credibility of the witnesses. The Steamship Authority relies upon the Advisory Committee Notes in seeking the protective order.

<u>Rofail v. United States</u>, 227 F.R.D. 53 (E.D.N.Y. 2005) provides a detailed analysis on this issue. The court in <u>Rofail</u> noted that Rule 26(b)(3) of the Federal Rules of Civil Procedure specifically provides that statements of a party are not protected by the work product doctrine and must be produced as part of discovery. As such, the mandate of Rule 26(b)(3) must be weighed in determining whether a protective order should issue in this matter.

The purpose of Rule 26(b)(3) is provided in the 1970 Advisory Committee Notes which state that where a statement is taken prior to litigation, the party typically does not have a lawyer, does not understand the legal consequences of his actions, and therefore is at a disadvantage. Any discrepancy between the statement and his testimony may result from memory lapse or ordinary inaccuracy. <u>Id.</u> at 55.

A protective order under Rule 26 is issued to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. This is the plain meaning of the Rule at issue. Statutory construction begins with the language of the statute. <u>Odence v. Salmonson Ventures</u>, 108 F.R.D. 163, 170 (D.R.I. 1985). Where a rule is unambiguous, courts may not interpose their own notions of the underlying intent. <u>Id.</u> In the case now before the court, the Steamship Authority has articulated no facts supporting that production of the statement prior to

the deposition would protect it from annoyance, embarrassment, oppression, or undue burden or expense.

Further, it is the Steamship Authority's burden to articulate specific facts in support of a protective order rather than conclusory statements. In this matter, no specific facts have been articulated to support such a protective order. In fact, the Steamship Authority relies upon conclusory assertion, although not specifically stated, that if the statements are produced, the deponents will use the statements to refresh their memories and thus tailor their testimony accordingly.

Permitting the party deponent to refresh his memory is what Advisory Committee Notes identify as the purpose behind Rule 26(b)(3) in order to protect from the unfairness that may have resulted from giving a statement while unrepresented and unaware of the consequences of said statement.

## Conclusion

Wherefore, the defendant, LaFleur Crane Service, Inc., requests this court deny the motion for protective order.

/s/ John F. Gleavy

_____
Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500