UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS E. MCBRIDE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY, and<br>LAFLEUR CRANE SERVICE, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11664-GAO |

PLAINTIFF'S OPPOSITION TO DEFENDANT WOODS HOLE,
MARTHA'S VINEYARD & NANTUCKET STEAMSHIP AUTHORITY'S
MOTION FOR A PROTECTIVE ORDER WITH INCORPORATED
<u>MEMORANDUM OF LAW</u>

    NOW COMES the Plaintiff and opposes the Defendant Steamship Authority's motion for a protective order for the reasons stated in Defendant Lafleur's opposition.  The Plaintiff believes that the recent decision in <u>Rofail v. United States</u>, 227 F.R.D. 53 (E.D.N.Y. 2005), which Defendant Lafleur brought to the Court, was a very well reasoned decision which should be considered by this Court.  In <u>Rofail</u>, the court addressed and disposed of the same 2 arguments raised by the Defendant Steamship Authority in support of its desire to delay production of the statements – 1) that immediate production of the statements would deprive the Defendant of the witnesses' "unrefreshed (i.e., "tailored") recollection of the events that give rise to the accident, which is necessary in order for the defendant to properly evaluate their credibility," and 2) that the Defendant would be unable to obtain the parties' depositions "based upon their personal memory and knowledge," which also goes to credibility.

    In <u>Rofail</u>, the court flatly held that "a mere conclusory statement that a party might tailor

its testimony to the statement does not establish good cause." Rofail, supra at 57, 59. The court also held that caselaw does not support the argument that, "in a personal injury case, a defendant is entitled to obtain plaintiff's unrefreshed testimony as to how the accident occurred." Id. at 58 (the Steamship Authority's second argument). It should also be noted that Rofail considered each of the cases cited by the Defendant Steamship Authority in its memo but one.

Finally, Willard v. Constellation Fishing Corp., 136 F.R.D. 28 (D. Mass. 1991), cited by the Defendant Steamship Authority, does not address what standard the Court should apply when considering whether to delay production of a party's statement until after his deposition. Willard simply noted that other courts had exercised their discretion to so delay production. Id. at 30. The actual issue in Willard was which party had the burden of raising the issue before the Court. Id. Accordingly, given that this issue has not been addressed in this District, it is respectfully submitted that this Court follow Rofail, and rule 1) that a party seeking to delay production of a witness's statement until after his deposition must show good cause, and 2) that the Defendant Steamship Authority has failed to show good cause to delay the production of the statements of the Plaintiff and of Mr. Laprise.

For these reasons, the Defendant Steamship Authority's motion should be denied in its entirety.

        Respectfully submitted for the
the Plaintiff, Louis E. McBride,
by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: October 21, 2005