UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS E. MCBRIDE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY, and<br>LAFLEUR CRANE SERVICE, INC.,<br>    Defendants | Civil Action<br><br>No. 05-11664-GAO |

PLAINTIFF'S MOTION TO COMPEL DEFENDANT LAFLEUR CRANE SERVICE, INC.'S
RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

    NOW COMES the Plaintiff, and states as follows:

1.    The Plaintiff propounded requests for production of documents upon Defendant Lafleur Crane Services, Inc.

2.    The Defendant responded to request #8 as follows:

    8.    All photographs or videotapes taken of the Plaintiff since the alleged incident.

    Response No. 8

    Objection. The defendant objects to this request as overly broad and unduly burdensome. The defendant further objects to this request as it seeks information prepared in anticipation of litigation, work product, and otherwise privileged. The defendant objects because the materials, if used, would be rebuttal evidence which need not be disclosed prior to trial. The plaintiff should be on notice that per this objection, it is the defendant's position that he does not have a duty to supplement this response.

3.    It is well settled that photographs of the Plaintiff, even surveillance photographs, are discoverable, although they need not be produced until after the Plaintiff's deposition. Klonoski v. Mahlab, 156 F.3d 255, 270 (1st Cir. 1998) ("the weight of authority seems to be that such evidence is both impeaching and substantive and should be disclosed"); Papadakis v. CSX

Transportation, Inc., 233 F.R.D. 227, 228 (D. Mass. 2006) ("[F]ederal and state courts have fairly uniformly held that video surveillance tapes, even if work product, must be provided in discovery and prior to trial."); see also Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993); Melhorn v. New Jersey Transit Rail Operations, 203 F.R.D. 176, 179-180 (E.D. Pa. 2001); Gutshall v. New Prime, Inc., 196 F.R.D. 43 (W.D. Va. 2000) (and cases cited); Wegner v. Cliff Viessman, Inc., 153 F.R.D. 154, 156-157 (N.D. Iowa 1994). Melhorn cited the rule as follows:

> "Almost uniformly, courts have held that evidentiary films or videotapes must be provided to the opposing party prior to trial. Before any of these disclosures, however, the defense must be given an opportunity to depose the plaintiff fully as to his injuries and their effects and his present disabilities."

Melhorn, supra at 179 (citations and internal punctuation omitted).

4.     In this case, the Plaintiff's deposition has already been taken. Accordingly, any such photographs or videotapes must now be produced. Melhorn, supra at 180. Further, it is the Plaintiff's position that, contrary to the Defendant's contention in its response to the request, the Defendant's response to this request must indeed be supplemented pursuant to Fed.R.Civ.P. 26(e).

5.     Counsel for the Plaintiff wrote counsel for Defendant Lafleur to determine if this matter could be resolved without the need for litigation, but counsel for Lafleur has maintained his position.

   WHEREFORE, the Plaintiff respectfully requests:

   A.     That the Court strike the Defendant's objection to the Plaintiff's request for production #8 and order the Defendant to respond to the request in full; and

      B.      That the Court order that the Defendant must supplement its response to request #8 pursuant to Fed.R.Civ.P. 26(e).

                                                Respectfully submitted for the
the Plaintiff, Louis E. McBride,
by his attorney,

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: May 22, 2006