UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS E. MCBRIDE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY, and<br>LAFLEUR CRANE SERVICE, INC.,<br>    Defendants | )<br>)<br>)<br>)  Civil Action<br>)<br>)  No. 05-11664-GAO<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT LAFLEUR CRANE SERVICE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

### Background

The defendant LaFleur Crane Service, Inc. opposes the plaintiff's motion to compel any photographs or videotapes of the plaintiff. As grounds for this opposition, the defendant states that the materials sought are work product and protected from disclosure and the plaintiff has failed to show a substantial need for such materials as required by Rule 26(b)(3).

### Analysis

Rule 26(b)(3) protects materials prepared in anticipation of litigation from discovery except upon a showing of substantial need and undue hardship by the party seeking the materials. Where surveillance is created after a plaintiff's injury and in anticipation of litigation, such tapes are considered work product. Marchello v. Chase Manhattan Auto Finance Corp., 219 F.R.D. 217, 219 (2004).

While the rules of discover are liberal, it is not without limitations. In Hickman v. Taylor, 329 U.S. 495, 510 (1947), the Supreme Court recognized a qualified immunity from discovery of work product. Rule 26(b)(3) states:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In this matter, the plaintiff has failed to establish that he has a substantial need for such materials or will undergo an undue hardship to obtain the equivalent. As the plaintiff does not argue substantial need or undue hardship, the motion should be denied.

A personal injury plaintiff, as in the case before the court, does not necessarily have a substantial need for such materials. Any videos the defendant will introduce at trial will be based upon the plaintiff's trial testimony. The plaintiff is in a better position than any other party to describe his post accident symptoms and activities.

## Conclusion

As the plaintiff has not made a showing of substantial need or undue hardship as required by Rule 26(b)(3), the defendant requests the motion be denied.

/s/JohnF.Gleavy

_____
Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 636 888
Attorney for Defendant
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants upon receipt of notification of same from the court.

/s/ John F. Gleavy

_____
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500