UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11664-GAO

LOUIS E. MCBRIDE
Plaintiff

v.

WOODS HOLE, MARTHA'S VINEYARD, &
NANTUCKET STEAMSHIP AUTHORITY, and
LAFLEUR CRANE SERVICE, INC.

Defendants

ORDER
July 14, 2006

O'TOOLE, D.J.

Plaintiff Louis McBride ("McBride") seeks an order requiring defendant LaFleur Crane Service, Inc. ("LaFleur") to produce, pursuant to a document request, "All photographs or videotapes taken of the Plaintiff since the alleged incident."

Because surveillance tapes are often considered relevant to the issue of the plaintiffs' physical condition and injuries, many courts have held that they are, as a general matter, discoverable information within the scope of Fed. R. Civ. P. 26. See, e.g., Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517-18 (5th Cir. 1993), cf. Klonoski v. Mahlab, 156 F.3d 255, 269-70 (1st Cir. 1998). However, such surveillance tapes are usually created by or for the defendant or the defendant's attorney after the plaintiff's injury and in anticipation of litigation. Therefore, although such tapes may be "otherwise discoverable," they are nonetheless work product materials as defined in the federal rules. See Fed. R. Civ. P. 26(b)(3); Hickman v.

Taylor, 329 U.S. 495 (1947); Marchello v. Chase Manhattan Auto Fin. Corp., 219 F.R.D. 217, 219 (D. Conn. 2004).

Consequently, McBride is only entitled to discovery of photographs or videotapes of himself taken by LaFleur since the alleged incident (if any exist) only "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). McBride has not shown that he has a substantial need for these materials. In particular, I agree with my colleague in the District of Connecticut that it is not proper to conclude "that plaintiffs in a personal injury always have a *per se* substantial need for a defendant's surveillance films." See Marchello, 219 F.R.D. at 219-20. Rule 26(a)(3) requires that a party requesting production of trial preparation materials show a substantial need for the materials in the preparation *of their own case*. Here, what McBride really seeks to discover is what materials have been developed by the defendants for possible use as impeachment evidence. McBride might as well ask for the defense counsel's outline of anticipated cross-examination.

I recognize that McBride may have an interest, if LaFleur seeks to offer any surveillance videotapes or photographs against him, in ensuring that any images are authentic and not misleading. See Marchello, 219 F.R.D. at 219; Snead v. American Export-Isbrandtsden Lines, Inc., 59 F.R.D. 148, 150-51 (E.D. Pa. 1973). However, this interest does not create a substantial need for disclosure at this point and can be adequately addressed at trial or before trial, perhaps by requiring a stringent foundation as a prerequisite to the admission of the evidence.

Accordingly, Plaintiff's Motion to Compel Defendant LaFleur Crane Service, Inc.'s Response to Requests for Production of Documents (Dk. #19) is DENIED.

It is SO ORDERED.

_July 14, 2006_  
DATE

_____  
DISTRICT JUDGE