UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11664

| | |
|---|---|
| LOUIS E. MCBRIDE, | ) |
| | ) |
|   Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| WOODS HOLE, MARTHA'S | ) |
| VINEYARD AND NANTUCKET | ) |
| STEAMSHIP AUTHORITY, AND | ) |
| LAFLEUR CRANE SERVICE, INC., | ) |
| | ) |
|   Defendants | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF THE DEFENDANT, LAFLEUR CRANE SERVICE, INC. TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

      On May 30, 2006, the defendant LaFleur Crane served its second set of interrogatories and a second request for the production of documents upon the Steamship Authority. See Exhibits A and B. The interrogatories and document production requests at issue address the operation of video surveillance equipment which purportedly videotaped portions of the accident which forms the subject matter of the plaintiff's complaint.

      The plaintiff, an employee of the Steamship Authority, alleges he was struck by a motor vehicle owned by the defendant LaFleur Crane. The vehicle was backing onto a freight ferry and according to the plaintiff the accident occurred at or near the point where the transfer bridge meets the vessel. Also at issue in this matter is whether the employee of LaFleur Crane was authorized by a Steamship employee to board the vessel.

      Lorin Clarkson, an employee of the Steamship Authority, testified that a video camera is located at the top of the transfer bridge that looks down upon the transfer bridge. See Deposition of Lorin Clarkson, page 35, attached as Exhibit C. The camera points towards the dock which is the area from which the LaFleur vehicle was entering the vessel. Id. page 36. According to Mr. Clarkson's testimony, the video camera would have caught the truck waiting to be loaded and five to six feet on the transfer bridge. Id. page 37. He denied the video camera would have captured accident where it occurred.

  The defendant LaFleur Crane contends that the videotape and its subsequent destruction are discoverable.  Pursuant to Rule 26(b)(1), a party may obtain discovery of any matteer not privileged relevant to any claim or defense.  Relevant information does not need to be admissible at trial as long as the discovery request is reasonably calculated to lead to the discovery of admissible evidence.  Relevance is defined as "having any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable that it would be without the evidence."  See Fed. Rules of Evidence, Rule 401.

  On November 1, 2006, counsel for the defendant LaFleur Crane forwarded correspondence to the Steamship Authority's counsel requesting the Steamship Authority provide responses within the next 14 days. Counsel for the Steamship Authority responded on November 27, 2006 advising that the surveillance video in question had been deleted but responses were forthcoming.  See Exhibit D.

## **CONCLUSION**

  Wherefore, the defendant LaFleur Crane requests this court order the defendant Steamship Authority to respond to its discovery requests within the next 14 days.


    /s/ John F. Gleavy

    _____
    Francis J. Lynch, III, BBO 308 740
    John F. Gleavy, BBO 636 888
    Lynch & Lynch
    45 Bristol Drive
    South Easton, MA  02375
    (508) 230-2500


I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants upon receipt of notification of same from the court.


    /s/ John F. Gleavy

    _____
    Francis J. Lynch, III, BBO 308 740
    John F. Gleavy, BBO 636 888
    Lynch & Lynch
    45 Bristol Drive
    South Easton, MA  02375
    (508) 230-2500

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11664

LOUIS E. MCBRIDE, )
 )
 Plaintiff )
 )
vs. )
 )
WOODS HOLE, MARTHA'S )
VINEYARD AND NANTUCKET )
STEAMSHIP AUTHORITY, AND )
LAFLEUR CRANE SERVICE, INC., )
 )
 Defendants )

### SECOND SET OF INTERROGATORIES FROM THE DEFENDANT, LAFLEUR CRANE SERVICE, INC. TO TO THE CO-DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY

1. Please identify any and all persons responsible for the operation and maintenance of the equipment used to videotape the loading of the Gayhead and the adjacent parking lot areas on June 24, 2004.

2. Please identify by make and model number the equipment used to videotape the loading of the Gayhead and the adjacent parking lot areas on June 24, 2004.

3. Please state whether any video reproductions of the Gayhead the adjacent parking lot areas on June 24, 2004 were transferred to videotape or any other media.

4. If the answer to the preceding interrogatory is yes, please describe what happened to the videotape or other media on which the video reproduction was stored, including:

   a. who transferred the video to videotape other media;
   b. the date upon which the video was transferred to videotape or other media;
   c. whether the videotape or other media was erased or destroyed;
   d. the identity of all persons who authorized the erasing or destroying of said videotape or media.
   e. the identity of all persons who participated in erasing or destroying of said videotape or media.
   f. identify all witnesses to any of the events of subparagraphs a – d.

5. Please identify any and all persons who have viewed any video reproductions of the loading of the Gayhead and the adjacent parking lot areas on June 24, 2004.

Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Attorneys for Defendant,
  LaFleur Crane Service, Inc.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

2

# AFFIDAVIT OF SERVICE

I, John F. Gleavy, attorney for the defendant, hereby certify that on May 30, 2006, I served the following documentation:

Second Set of Interrogatories from the Defendant, LaFleur Crane Service, Inc. to the Co-Defendant, Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority

Second Request for Production from the Defendant, LaFleur Crane Service, Inc. to the Co-Defendant, Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority

on all counsel of record by mailing same postage prepaid to the following:

David J. Berg, Esquire
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109

Kenneth M. Chiarello, Esquire
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA 02108

Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11664

| | |
|---|---|
| LOUIS E. MCBRIDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| WOODS HOLE, MARTHA'S | ) |
| VINEYARD AND NANTUCKET | ) |
| STEAMSHIP AUTHORITY, AND | ) |
| LAFLEUR CRANE SERVICE, INC., | ) |
| | ) |
| Defendants | ) |

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE DEFENDANT, LAFLEUR CRANE SERVICE, INC. TO TO THE CO-DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY

1. Any and all manuals in the possession, custody, and/or control of the co-defendant for the operation and maintenance of the equipment used to videotape the loading of the Gayhead and the adjacent parking lot areas on June 24, 2004.

Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Attorneys for Defendant,
   LaFleur Crane Service, Inc.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

3

## AFFIDAVIT OF SERVICE

I, John F. Gleavy, attorney for the defendant, hereby certify that on May 30, 2006, I served the following documentation:

Second Set of Interrogatories from the Defendant, LaFleur Crane Service, Inc. to the Co-Defendant, Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority

Second Request for Production from the Defendant, LaFleur Crane Service, Inc. to the Co-Defendant, Woods Hole, Martha's Vineyard, and Nantucket Steamship Authority

on all counsel of record by mailing same postage prepaid to the following:

David J. Berg, Esquire
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA  02109

Kenneth M. Chiarello, Esquire
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA  02108

Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500

**EXHIBIT C**

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action                              No. 05-11664

------------------------------------------------

LOUIS E. McBRIDE,                              )
                          Plaintiff,           )
                                               )
             vs.                               )
                                               )
WOODS HOLE, MARTHA'S VINEYARD and              )
NANTUCKET STEAMSHIP AUTHORITY and
LAFLEUR CRANE SERVICE, INC.,                   )
                          Defendants.

------------------------------------------------

     DEPOSITION OF LORIN CLARKSON, taken in behalf of the Defendant, Lafleur Crane, pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before Sandra A. Viera, Court Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the Woods Hole Steamship Authority, One Railroad Avenue, Woods Hole, Massachusetts, on Thursday, December 7, 2006, commencing at 10:00 a.m.

**LAPLANTE & ASSOCIATES, INC.**
(508) 999-7499

35

1    Q.    When was that?
2    A.    Shortly after the accident. I don't
3  have a date.
4    Q.    Have you ever seen that statement?
5    A.    No.
6    Q.    And are you aware that there's
7  cameras that tape the area of the ferry and
8  the dock?
9    A.    Yes.
10   Q.    Do you know where those cameras are
11 located?
12   A.    There was one on top of the transfer
13 bridge there that views, you know, the bottom
14 half of the transfer bridge; and there's a
15 couple up on the building that make loops.
16   Q.    Where did -- can you draw a red
17 circle where the one on the transfer bridge
18 is?
19   A.    Well right -- right where the --
20 where the bridge and the, uhm, boat meet,
21 there's a superstructure. Up above the
22 superstructure, there's a camera in the middle
23 of that that looks down onto the transfer
24 bridge.

36

1   Q.   And I know -- can you draw a circle
2   where it is?  I understand it's higher up off
3   the transfer bridge?
4   A.   It would be in the middle of the boat
5   -- middle of the -- you know, dead center on
6   the transfer bridge.
7   Q.   Can you draw an arrow where the --
8   the direction of where that camera would point
9   at?
10  A.   Dock side.
11  Q.   And then you said there's cameras on
12  the top of the building?
13  A.   Well the building's up here.  And the
14  problem with that is it's on the corner here,
15  but we have a shelter here for our customers
16  and that -- and the uhm, passenger loading
17  area blocks out seeing any of this down here.
18  This is mainly for this area.
19  Q.   And so as far as you know, only that
20  one camera over the bridge would show the
21  general area where the accident happened?
22          MR. CHIARELLO:  Objection.  You
23  can answer.
24  A.   Oh, uhm, it doesn't show -- the

37

1  accident happened back here.  This only shows
2  from like where this building is to maybe
3  five, six feet onto the transfer bridge.
4  Examination by Mr. Gleavy:
5     Q.   I'll ask a different question.
6  That's -- that's the only camera that would
7  have shown, as far as you know, the vehicle,
8  the pickup truck, that was backing up on to
9  the --
10          MR. CHIARELLO:  Meaning the
11 camera on the transfer bridge?
12          MR. GLEAVY:  Correct.
13    A.   The camera on the transfer bridge
14 would have caught the truck sitting waiting
15 and then it would have caught it, again, five,
16 six feet into the transfer bridge.
17          There's nothing on that would
18 catch it going onto the boat or where the
19 accident happened.
20 Examination by Mr. Gleavy:
21    Q.   Did you ever see the videotape of
22 this incident?
23    A.   I didn't.
24    Q.   Do you know if anyone ever has?

**EXHIBIT D**

# LYNCH & LYNCH

Francis J. Lynch, III
Stephen M.A. Woodworth
Cynthia P. Karabelas
John A. Eklund
Susan E. Sullivan*
Stephen J. Duggan
Peter E. Heppner
Joseph C. Ferreira
Holly K. Lemieux
J. Gary Bennett

A PROFESSIONAL CORPORATION

45 Bristol Drive
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510

253 Locust Street
Fall River, MA 02720
(508) 674-0021

8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109

Nella M. Lussier
Susan K. Hannigan
John F. Gleavy
J. William Chamberlain, Jr.
Cynthia S. Ladd
Jeanne E. Flynn
Christiana E. Strojny**
Benjamin J. Whitney
Michelle A. Scanlon
Bradley A. Sultan***
William F. Asci
Tanya M. Da Silva

Francis J. Lynch, II
1967 - 2001
Rory P. Melvin
1988 - 2004

PLEASE DIRECT ALL CORRESPONDENCE
TO SOUTH EASTON ADDRESS

OF COUNSEL
Anne-Marie Finn
Ellen M. Chiocca Carey
Barry K. LaCasse

*Also Admitted in Rhode Island
** Also Admitted in Maine
***Also Admitted in Florida

November 1, 2006

Kenneth M. Chiarello, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Re:   Louis E. McBride vs. LaFleur Crane Service, Inc., et al
      Safety Claim No. 1566291
      Our File No. 17823-17

Dear Mr. Chiarello:

We are writing in the hopes of resolving some outstanding discovery issues in this matter.

We have yet to receive answers to our second set of interrogatories or a response to our second request for the production of documents. These were forwarded to your office on May 30, 2006. In order to avoid filing a motion to compel, we would request responses within the next 14 days.

Attorney Berg had previously indicated his intent to conduct a 30(b)(6) deposition of the Steamship Authority relative to the customs, practices, and procedures for maintaining videotapes as well as the Steamship Authority's decision to destroy any videotapes made on the date of the incident. Please be advised that we would intend to go forward with this deposition.

As previously discussed, we have yet to receive a copy of Mr. McBride's employment file which you had previously agreed to produce. Please advise when we can expect to receive a copy of the employment file.

Finally, Attorney Berg and I are available on the following dates to conduct the depositions of Simone Ramos, Michael Dawicki, Lorin Clarkson, Jason Esposito as well as someone from the Steamship Authority on the issue of the videotapes: November 17th and 30th, December 1st, 13th, 14th, 15th, 20th, and

# LYNCH & LYNCH

*Page 2*
*November 1, 2006*
Re:   *Louis E. McBride vs. LaFleur Crane Service, Inc., et al*
       *Safety Claim No. 1566291*
       *Our File No. 17823-17*

21st. Please let us know if you are available on these dates. Further, advise if employees of the Steamship Authority will voluntarily appear or if a subpoena is necessary.

Thank you for your attention to this matter.

Very truly yours,

John F. Gleavy
JFG/lpw
cc:    David J. Berg, Esqire
       Kevin Morrison

## John Gleavy

**From:** Kenneth Chiarello [kchiarello@clinmuzyka.com]
**Sent:** Monday, November 27, 2006 9:43 AM
**To:** David J. Berg; John Gleavy
**Subject:** LOUIS MCBRIDE vs. STEAMSHIP AUTHORITY

Gentlemen,

It is my understanding that the following depositions need to be obtained: defendant's 30(b)(6), Lorin Clarkson, Michael Dawicki, Semiao Ramos, and Jason Esposito. I will produce Clarkson, Dawicki and Ramos, who are still employed by the defendant. I would appreciate receiving your deposition availability for December 2006 as soon as possible. Upon receipt, I will determine the witnesses' availability and revert.

As for the surveillance tape, I have been advised that it was deleted by the surveillance company engaged by the defendant. However, I'm still gathering all of the facts surrounding its deletion. I will respond to the co-defendant's Interrogatories shortly and prior to the foregoing depositions.

Best regards,
Kenneth M. Chiarello
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA  02108
Tel: 617-723-9165
Fax: 617-720-3489
Email: kchiarello@clinmuzyka.com

E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying or storage of this message or any attachment is strictly prohibited and shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.