CA# 05-11664

March 14, 2008

To:   The Honorable Mary Ann Bowler

From:   Louis E. McBride, Jr.

Dear Judge Bowler,

   First, I would like to acknowledge and congratulate you regarding your recent marriage.

I hope and pray you have a lifetime of happiness.

   Next, I must inform you of recent developments with respect to my case and my attorneys.

I will write a brief letter and send recent correspondence.   I very much need help and guidance.

                                Most Sincerely,

                                *Louis E. McBride, Jr.*
                                Louis E. McBride, Jr.

03/14/2008  11:49   941-697-0929        LOUIS E MCBRIDE JR              PAGE  01

14 March '2008

To: The Honorable Mary Ann Bowler

From: Louis E McBride, Jr.
  941-697-0929

10 Pages including cover

March 14, 2008

To:   The Honorable Mary Ann Bowler

From:   Louis E. McBride, Jr.   941-697-0929

Dear Judge Bowler,

Thank you for your efforts on my behalf.   I have had difficulties with my representation and yesterday was informed that my disability insurer is looking for $5,800- $40,000, depending on interpretation.

I fired council on the 27th of February after being told on the 22nd of February that I was being sent a check for my resignation.   It never arrived, so five days later I dismissed them.

The following week I learned from them that they did receive the rest of the settlement from Safety Insurance on the 26th of February, and that they had to hold the check for 10 business days to clear.   I called yesterday morning to have them forward me the check for settlement, and received a call from Dave Anderson in the afternoon telling me of the insurers demands.

I don't know what to do.   I respectfully ask for your direction.

                                        Sincerely,

                                        Louis E. McBride, Jr.

## LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile:  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

**VIA FAX AND MAIL**

March 8, 2008

Mr. Louis E. McBride, Jr.
390 Anchor Row
Cape Haze, FL 33946

Dear Lou:

I wanted to write you to let you know where this case stands and what your options are. With respect to the status of the actual lawsuit, in October after the last mediation you accepted the Defendants settlement offer. We in turn conveyed that acceptance to the Defendants at which point the case was reported to the court as settled. As a result the court issued a settlement order of dismissal on October 31, 2007. An order of dismissal means that the case is over. In general once a case dismissed it cannot be reopened if one of the parties changes their minds. That said, you should definitely seek the advice and thoughts of other lawyers regarding your ability to re-open the case. I would suggest that you speak with your friend Brian Sullivan. The case number is 05-11664-GAO, and any lawyer who practices in federal court can access the docket on line and confirm the status of the case for you.

Because the case was dismissed and further because we have been discharged and no longer are authorized to speak on your behalf, we did not contact Magistrate Judge Bowler's office and we do not intend to do so.

We sent you the $5,000 from the Steamship Authority by Federal Express package last Thursday. FedEx delivered it to you on Monday, but you refused it, and so they returned it to us. This money is yours, and you should take it. We received the $50,000 from Safety last Tuesday, and we deposited it into our escrow account last Thursday. We will be able to send you the $20,000 due you from Safety as soon as the check clears 10 business days from February 28. That is March 13.

We need direction from you regarding what you want us to do with your net settlement proceeds.

# LATTI & ANDERSON LLP

We believe that you did the right thing in settling the case. I am assuming that your friends that we met in October think that as well. We are sorry for the delay in getting you your money, but, unfortunately, having 2 defendants in the case who entered into a settlement with each other, along with your settlement with them, slows things down, sometimes by a lot. However, the delay does not change the basic reasons for why you settled the case, which were that no doctor was willing to testify in a legal proceeding as to a causal relationship between your accident and their diagnoses or your neurological complaints to them, and further that you owed the Lahey Clinic $200,000 because your insurance company had denied their bill.

I read your fax to us from Monday. I don't agree with you, but I don't think that we should get into a point by point argument about it. I will say that I think that you would be doing yourself a great favor if you were to have us send you your file and if you were to make appointments with a few lawyers who specialize in personal injury who don't know us, and ask them to review your file so that they can address all of your questions and concerns about how we and Dave Berg represented you.

Please let us know what you would like us to do.

Very truly yours,

David F. Anderson

March 2, 2008

To:   Attorneys Latti, Anderson, and Berg

From: Louis E. McBride, Jr.

Re:   Termination of services

Dear Counselors:

On Wednesday, February 27, 2008, I notified your office by phone that I no longer can tolerate or accept the treatment I have been subjected to while being represented by your firm. This was also conveyed to you in a letter faxed to your office on Friday, February 29, 2008

On Thursday, February 28, 2008, I spoke with Judge Bowler's clerk, Mark Duffy, to inform him of my actions.    He advised me that you need to submit a letter to Judge Bowler advising her of my reasons for terminating your services which are numerous and are as follows:

Sometime around October 16th of 2007 I met with Attorneys Latti, Anderson, and Berg to discuss the reasons for settlement.    I asked to have an independent expert review case and offer an opinion and was told that Dr. Tyler was my expert opinion.    However, Dr. Tyler, a neurologist, whose opinion is unquestionably expert, does not compare with the opinion of Dr. Birkenfeld, a neurosurgeon, as offered by the defense as an expert.    They are two different breeds and it is like comparing the expert opinion of an apple against the expert opinion of an orange.    You didn't even take the time to depose Dr. Tyler.



In the spring of 2007, I met with three different neurosurgeons; two refused to comment on causal relation, and the third strongly stated that there was no question that my injuries were causally related to my accident and did say that he would put it in writing, but never did. David Berg was aware of these appointments well in advance. I later learned that asking a physician about causal relation immediately changes the relationship between patient and doctor from that of a medical nature to that of a medical/legal situation, and that the physician is to be notified well in advance if a medical/legal opinion is being sought. Mr. Berg at no time advised me of that aspect. He also at no time advised me to revisit the past neurologist and neurosurgeon I had previously seen to keep continuity and strength to legal my case.

At that same meeting, I was convinced by the attorneys that the liability of the unpaid spinal angiogram left me in peril, regardless that two prominent physicians had ordered the test. Mr. Berg was aware that the diagnosis of Dr. Choi, who performed the test, was contradictory with himself in his report by stating that he had found a micro shunt that he would have repaired but that it was too close to the spinal chord. If it was truly a micro shunt, he would have had no consideration of repairing it, as it was micro. Also, the films he took were not clear enough to be read by the neurosurgeons that I saw in the spring of 2007. Dr Day, at the Brigham, wanted to do another spinal angiogram immediately, which I advised Mr. Berg of but refused to have done. Also, prior to having the test done, I voiced my concerns of the possibility of Dr. Choi having a medical problem, but was chastised and dismissed. If he had investigated my

03/14/2008 11:49  941-697-0929  lOUIS E MCBRIDE JR  PAGE 07

concerns, he may well have found out what I recently learned: that Dr. Choi had been very ill but was doing much better now.

In addition to my vascular and muscular-skeleton problems are my neurological problems, which includes a traumatic brain injury. Because of this I have great difficulty assimilating and articulating my thoughts and verbally expressing myself without long periods of deliberation.

Sometime after my last appearance before Judge Bowler, I agreed to the settlement offer. Shortly after, I called Atty. Berg and wanted to retract my agreement but was told I could not and that my decision was binding.

I contacted Mr. Berg on February 1, 2008 and inquired as to the standing of the settlement. I was told that nothing had happened but he would make some calls and get back to me. He did return my call to say that the Steamship Authority's attorney was sending a check to his office by courier that day but that he had no news of the insurance company settlement.

I called Mr. Berg again on February 15, 2008 and was informed that he had received a check from the Steamship Authority's attorney but he still had no news from the insurance company.

After no correspondence in some time, I called Mr. Berg again on Friday, February 22, 2008 and was told he would send the monies from the Steamship Authority but he still had no news from the insurance company.

On Wednesday, February 27, 2008, whereas it has been over 120 days without all parties abiding by the settlement agreement, and not receiving anything by mail, I made my decision.

03/14/2008  11:49    941-697-0929              LOUIS E MCBRIDE JR                     PAGE  09



**Safety Insurance**

P.O. Box 55098
Boston, MA 02205-5098
1-617-951-0600

It is my intention to respectfully request of Judge Bowler that the settlement be thrown out, and I be given time to get new and more effective legal assistance whereas I have no confidence in the counsel at the firm of Latti & Anderson.

I would appreciate you submitting a letter to inform Judge Bowler as to why I have severed ties with your firm as soon as possible, or at least by noontime Tuesday, March 4, 2008.   Also, please fax a copy of your letter to Judge Bowler to my home phone, 941-697-0929.   Any messages for me can be left on the voice mail of my cell phone, 401-265-5453.

If these requests are not complied with, I will forward a copy of this letter to Judge Bowler's office directly.   Thank you for your prompt attention to this matter.

                                           Sincerely,


                                           Louis E. McBride, Jr.

03/14/2008  11:49  941-697-0929  LOUIS E MCBRIDE JR  PAGE 10

**Safety Insurance**
20 Custom House Street
Boston, MA 02110

CITIZENS BANK
BOSTON  MA 02109

CHECK NUMBER: 2432633
NOT VALID UNLESS PRESENTED WITHIN 180 DAYS
5-7017/2110

| CLAIM NUMBER | LINE NO. | POLICY HOLDER | | DATE ISSUED |
|---|---|---|---|---|
| 1566291 | 03 | LAFLEUR CRANE SERVICE | | 02/22/2008 |
| POLICY NUMBER | DATE OF LOSS | PRODUCER NUMBER | PAYMENT TYPE | |
| 1634498 4 | 06/24/2004 | 60378 | AUTOMOBILE CLAIMS | |

PAY  Fifty Thousand Dollars

PAY THIS AMOUNT
$******50,000.00

TO THE ORDER OF:  LATTI & ANDERSON, LLP
AND  MCBRIDE, LOUIS
30-31 UNION WHARF
BOSTON        MA   02109

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

⑊2432633⑊  ⑆211070175⑆  1304852331⑊

CLAIM-1566291     LINE-3     INSURED-LAFLEUR CRANE SERVICE     CHECK-02432633
                             CLAIMANT-MCBRIDE, LOUIS

Attached please find our payment for your Automobile Claim of 06/24/2004

```
                    ****  SUMMARY OF PAYMENTS  ****
INVOICE #    DATES OF SERVICE         PROVIDER/SERVICE              AMOUNT

             06/24/2004 - 06/24/2004                              50,000.00
                                  CLAIM SETTLEMENT
TOTAL PAYMENTS    50,000.00    DEDUCTIBLE    .00    NET PAYMENT   50,000.00
```



**Safety Insurance**

P.O. Box 55098
Boston, MA 02205-5098
1-617-951-0600

February 20, 2008

MCBRIDE, LOUIS
P.O. BOX 204
ADAMSVILE, RI 02801

RE:  Our Insured:      Lafleur Crane Service
     Claimant:         Louis McBride
     Claim Number:     1566291
     Date of Loss:     6/24/04

Dear Mr. McBride :

Safety Insurance has issued a check in the amount of $50,000.00 as full and final settlement of your liability claim. The check was mailed to:

Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109

A copy of the check is attached for your review. If you have any questions about this notice, please contact your attorney.

Sincerely,


Claims Department

Enclosure: check copy